FILED
BILLINGS DIV.

2007 OCT 19  PM 2 51

PATRICK E. DUFFY, CLERK

BY _____
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| CHRIS ROMERO, ROGER BODINE, and DAVE VALDEZ,<br><br>      Plaintiffs,<br><br>  vs.<br><br>YELLOWSTONE COUNTY, SHERIFF CHUCK MAXWELL, JAY BELL, RICO BRENNAN, BILL O'CONNOR, and O'CONNOR & O'CONNOR, P.C.,<br><br>      Defendants. | CV-06-104-BLG-RFC-CSO<br><br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

   Plaintiffs Chris Romero, Roger Bodine, and Dave Valdez instituted this action alleging that Defendants Yellowstone County, Sheriff Chuck Maxwell, undersheriff Jay Bell, sheriff's captain Rico Brennan (collectively "County Defendants"), and attorney Bill O'Connor and the law firm of O'Connor & O'Connor, P.C. (jointly "O'Connor Defendants") illegally discriminated and retaliated against them in violation of federal and state laws.

-1-

*Second Amended Complaint*, ¶1 (*Court's Doc. No. 43*) (July 25, 2007)("*Am. Cmplt.*").  They seek compensatory and punitive damages, and injunctive relief.  *Id. at pp. 15-16*.  Before the Court is the O'Connor Defendants' motion to dismiss the claims against them.  *Motion to Dismiss of Defs. Bill O'Connor and O'Connor & O'Connor, P.C. (Court's Doc. No. 46)* (August 14, 2007).  Having considered the issues presented by the parties, together with their submissions in support of their respective arguments, the Court rules as follows.[1]

## I.  <u>BACKGROUND</u>

Plaintiffs allege the O'Connor Defendants were agents of the County Defendants from roughly October 20, 2005, through July 2006.  *Am. Cmplt., ¶9*.  Plaintiffs allege that in this role the O'Connor Defendants violated Plaintiffs' constitutional rights by taking or attempting to take actions against them because of Plaintiffs' engagement in protected activity, namely their objections to the County Defendants' allegedly illegal and discriminatory actions against Plaintiffs.  *Id*.  Plaintiffs' Complaint brings four counts, of which only the fourth, "Violations of Federal Constitutional Rights (Section 1983 Claims)," *Id., ¶¶ 28-29*, is directed at the O'Connor Defendants.

---

[1]By Order filed March 7, 2007, United States District Judge Richard F. Cebull referred this case to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), including submission of proposed findings and recommendations.  <u>See</u> Court's Doc. No. 32.

Plaintiffs request both damages and injunctive relief in connection with Count IV. *Id., ¶29.* In addition to the instant lawsuit, Plaintiffs have filed a claim against Bill O'Connor before the Montana Department of Labor ("MDL"), which has not yet issued a finding on the matter. *Br. in Support of Defs.' Motion to Dismiss at 5 (Court's Doc. No. 47)* (August 20, 2007) (*"Defs.' Br."*) Plaintiffs have not pursued state administrative remedies with regard to the law firm of O'Connor & O'Connor. *See Plaintiffs' Proposed Rule 26(f) Discovery Plan (Court's Doc. No. 49) at 2* (August 28, 2007).

## II.  **PARTIES' ARGUMENTS**

The O'Connor Defendants initially argue that Plaintiffs' claims against them should be dismissed because Plaintiffs have failed to exhaust their administrative remedies. *Defs.' Br. at 1.* Though Plaintiff Romero brought a discrimination complaint to the MDL, which the MDL subsequently dismissed, that complaint did not include either O'Connor defendant. *Id. at 2.*

The O'Connor Defendants state that the exclusive remedy for Plaintiffs' discrimination claims is through the Montana Human Rights Act ("MHRA"), and that a court cannot hear such claims until Plaintiffs have exhausted their administrative remedies. *Id. at 3-4.* The O'Connor Defendants further contend that because the gravamen of Plaintiffs' claim is discrimination, Plaintiffs cannot escape the MHRA's exhaustion requirement by "couching"

their claims in terms of "other tort theories," by which the
O'Connor Defendants presumably refer to Plaintiffs' federal
claims. *Id. at 5.*

In their reply brief, the O'Connor Defendants acknowledge
that Plaintiffs currently assert only § 1983 claims against
them.[2] *Defendants, Bill O'Connor and O'Connor & O'Connor, P.C.'s
Br. in Response to Plaintiffs' Joint Response in Opposition to
Motion to Dismiss by Defendants O'Connor and O'Connor & O'Connor,
P.C. (Court's Doc. No. 51) at 2-3* (September 4, 2007). They
argue that the case of <u>Gilbertson v. Albright</u>, 381 F.3d 965 (9th
Cir. 2004), requires that Plaintiffs' claims for damages under §
1983 be stayed until the conclusion of state administrative
proceedings, and that Plaintiffs' request for an injunction
pursuant to § 1983 be dismissed. *Id. at 6.* The O'Connor
Defendants cite authority for the proposition that federal courts
should give state administrative findings preclusive effect in

---

[2]In their reply brief, the O'Connor Defendants cite a
portion of Plaintiffs' Complaint to support the argument that
Plaintiffs seek relief from the O'Connor Defendants pursuant to
the MHRA and Title VII. *Defendants, Bill O'Connor and O'Connor &
O'Connor, P.C.'s Br. in Response to Plaintiffs' Joint Response in
Opposition to Motion to Dismiss by Defendants O'Connor and
O'Connor & O'Connor, P.C. (Court's Doc. No. 51) at 2-3* (September
4, 2007). The O'Connor Defendants restate that, to the extent
Plaintiffs assert an MHRA claim, that claim is barred until
administrative remedies are exhausted. *Id. at 3.* Because it is
clear from Plaintiffs' pleadings and representations in their
briefing that they assert no MHRA or Title VII claims against the
O'Connor Defendants here, the Court need not consider whether
Plaintiffs need to exhaust administrative remedies as to those
claims.

subsequent § 1983 actions, so long as the state administrative
proceedings meet certain requirements. *Id. at 7.*

Plaintiffs further contend that they assert claims against
the O'Connor Defendants only under § 1983 for violation of
Plaintiffs' federal rights. *Plaintiffs' Joint Response in
Opposition to Motion to Dismiss by Defendants O'Connor and
O'Connor & O'Connor, P.C. (Court's Doc. No. 48) at 2* (August 23,
2006). Plaintiffs cite a wealth of authority for the proposition
that exhaustion of state remedies is not a prerequisite to
bringing a § 1983 claim. Based on this authority, Plaintiffs
argue that they may bring their § 1983 claims against the
O'Connor Defendants without further pursuit of state remedies.
*Id. at 6.*

## II.  STANDARD OF REVIEW

Motions to dismiss may not be granted unless the plaintiffs
can prove no set of facts which would entitle them to relief.
Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 338 (9th Cir.
1996). The Court must take all allegations of material fact as
true and construe them in the light most favorable to the
plaintiffs. Big Bear Lodging Ass'n v. Snow Summit, Inc., 182
F.3d 1096, 1101 (9th Cir. 1999); see also Bell Atlantic Corp. v.
Twombley, 127 S.Ct. 1955, 1964-65 (2007). A complaint may be
dismissed without leave to amend only "when it is clear that the
complaint cannot be saved by further amendment." Big Bear

Lodging Ass'n, 182 F.3d at 1101, (citing Dumas v. Kipp, 90 F.3d 386, 389 (9th Cir. 1996)).

## III. **DISCUSSION**

The issue before the Court, as presented in the O'Connor Defendants' motion and briefing, is whether Plaintiffs must exhaust state remedies before prosecuting their § 1983 claims against the O'Connor Defendants in federal court.  The O'Connor Defendants' legal arguments, though not clearly articulated in their brief, appear to be that this Court should stay or dismiss Plaintiffs' federal claims: (1) because the MHRA is the exclusive remedy for discrimination claims and requires exhaustion of state administrative remedies, (2) by applying Younger abstention, or, (3) by applying federal common law preclusion.

Since Younger abstention and federal common law claim preclusion are distinct from exhaustion, the Court re-frames the issues before it as follows: (1) whether Plaintiffs' § 1983 claims must be dismissed because the MRHA is the exclusive remedy for Plaintiffs' claims, and Plaintiffs must first exhaust state administrative proceedings; or, (2) whether Plaintiffs' § 1983 claims should be dismissed or stayed pursuant to Younger abstention or the federal common law of claim preclusion.

## A.    **MHRA as Exclusive Remedy**

The general rule is that a plaintiff is not required to exhaust state administrative remedies before bringing a § 1983

action in federal court. "[E]xhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." Patsy v. Bd. of Regents of the State of Fla., 457 U.S. 496, 516 (1982). The Supreme Court has more recently restated this rule in even stronger terms. "We reemphasize that § 1983 contains no judicially imposed exhaustion requirement; absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." Edwards v. Balisok, 520 U.S. 641, 649 (1997)(citation omitted).

By its terms, the MHRA is the exclusive remedy for discrimination claims under state law. See Mont. Code. Ann. § 49-2-509(7)(2007). A plaintiff must first bring discrimination claims before the MDL as set forth in the MHRA before proceeding on state law claims based on discrimination. Dupuis v. Bd. of Trustees, 2006 MT 3, ¶ 17, 330 Mont. 232, ¶ 17, 128 P.3d 1010, ¶ 23; Arthur v. Pierre Ltd., 2004 MT 303, ¶¶ 18, 27, 323 Mont. 453, ¶¶ 18, 27, 100 P.3d 987, ¶¶ 18, 27; Fandrich v. Capital Ford Lincoln Mercury, 272 Mont. 425, 431, 901 P.2d 112, 115 (1995); Bruner v. Yellowstone County, 272 Mont. 261, 267, 900 P.2d 901, 905 (1995); Harrison v. Chance, 244 Mont. 215, 223 (1990).

The authority cited above does not in any instance, however, hold that the MHRA provides the exclusive remedy for a § 1983 claim. In fact, the available authority indicates that the MHRA

does not provide the exclusive remedy for federal discrimination claims. See Johnson v. Dodson Pub. Schools, 463 F.Supp.2d 1151, 1157-58 (D.Mont. 2006) (dismissing state law discrimination claim due to exclusive remedy of MHRA but not dismissing § 1983 claims); Arthur, ¶¶ 22-24 (expressly noting absence of Title VII claim when applying exclusive remedy provision of MHRA).

The Court cannot conclude that the exclusive remedy for a § 1983 claim is through the MHRA. Thus, Plaintiffs' § 1983 claims against O'Connor will not be dismissed on MHRA exclusive remedy grounds. The general rule that no exhaustion of state remedies is necessary prior to bringing a § 1983 action controls.

**b.   Younger Abstention and Federal Common Law Preclusion**

Pursuant to the abstention doctrine explained in Younger v. Harris, 401 U.S. 37 (1971), under limited circumstances a federal court should dismiss or stay the action on a § 1983 claim which relates to pending state proceedings. See Gilbertson v. Albright, 381 F.3d 965, 981 (9th Cir. 2004)(en banc). Younger abstention applies when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims." Meredeth v. Oregon, 321 F.3d 807, 816 (9th Cir. 2003).

Younger is inapplicable here because the MDL does not have

jurisdiction to consider federal claims[3]. See <u>Pendergrass v. City of Libby</u>, HRC Case No. 9901008661 (2000), at 19.  Plaintiffs would have no opportunity to raise their federal claims in the state administrative proceedings.  Thus, Plaintiffs' § 1983 claims against the  O'Connor Defendants should not be dismissed on these grounds.

Plaintiffs' § 1983 claims against the O'Connor Defendants will not be dismissed on preclusion grounds either.  Federal claim preclusion "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" <u>Haphey v. Linn County</u>, 924 F.2d 1512, 1515 (9th Cir. 1991).  Federal courts sitting in § 1983 actions have extended the preclusion doctrine to the prior determinations of state administrative tribunals so long as certain procedural safeguards are present at the administrative level.  <u>Miller v. County of Santa Cruz</u>, 39 F.3d 1030, 1032-33 (9th Cir. 1994).

The doctrine of claim preclusion does not preclude the Court's consideration of Plaintiffs' § 1983 claims against the

---

[3]<u>Younger</u> may also be inapplicable to O'Connor & O'Connor, P.C., because "<u>Younger's</u> scope is closely circumscribed to parties actually involved in state litigation ...." <u>Green v. City of Tuscon</u>, 255 F.3d 1086, 1100 (en banc)(overruled, in part, on other grounds by <u>Gilbertson</u>, 381 F.3d at 968-69).  The Court does not, however, reach its conclusion on these grounds because it is clear that <u>Younger's</u> three requirements cannot be satisfied as to either O'Connor Defendant.

O'Connor Defendants.  At this time there is no final administrative determination on Plaintiffs' claims against Bill O'Connor.  Thus, Plaintiffs' § 1983 claims against the O'Connor Defendants should not be dismissed under the claim preclusion doctrine.

### IV.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the O'Connor Defendants' Motion to Dismiss (*Court's Doc. No. 46*) be **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall serve a copy of these Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation portion must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 19th day of October, 2007.

Carolyn S. Ostby
U.S. Magistrate Judge